IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

GARY LOUIS BERRY,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )    Case No. 3:19-cv-1258
                                           )
AXCESSS STAFFING AND                       )    JURY TRIAL DEMANDED
AGENCY/WESTROCK/CDS/DIAL,                   )
                                           )
            Defendants.                    )

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Axcesss (sic) Staffing and Agency/Westrock/CDS/Dial[1] ("Axcess" or "Defendant") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.  In support of its Notice of Removal, Axcess state as follows:

1.      On or about September 24, 2019, Plaintiff filed the action styled *Gary Louis Berry v. Axcess Staffing*, et al., Case No. 19L-1357, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

2.      Axcess Staffing Service was purportedly served with a summons and a copy of Plaintiff's Memorandum of Law[2] on October 16, 2019. A copy of Plaintiff's initial pleading entitled "Memorandum of Law" is attached hereto as **Exhibit A**.

---

[1] Plaintiff named "Axcesss (sic) Staffing and Agency/Westrock/CDS/Dial" as the defendant in this case.  This is not a single or even existing entity, but appears to be multiple entities named as a single defendant.  As such, only one summons was issued by the Court, and served by the sheriff. Service was purportedly effected upon Axcess Staffing Service (which was improperly named "Axcesss Staffing and Agency").  Because only Axcess Staffing was served, this Notice of Removal is being filed only on its behalf.

[2] Plaintiff's initial pleading in this case is entitled "Memorandum of Law."  For the purpose of this Notice of Removal only, Defendant presumes that this Memorandum of Law was intended

3.      This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4.      This action arises from Plaintiff's employment and Axcess was Plaintiff's employer.

5.      In his Memorandum of Law, Plaintiff purports to bring multiple causes of action arising under federal law.  Plaintiff's Memorandum of Law references the United States Constitution and multiple federal statutes.  In particular, Plaintiff's Memorandum of Law, in the section entitled "Statement of Claims," lists the following:

   a.  42 §1981, 1983 Deprivation of Right

   b.  Retaliation

   c.  18 § 241 and 242 Conspiracy

   d.  Violation of the 1st amendment

   e.  Violation of the 4th and 14th amendment

   f.  Violation of the 13th amendment.

   *See* Plaintiff's Memorandum of Law at p. 12.

6.      Plaintiff filed his action and purports to raise claims pursuant to the U.S. Constitution and multiple federal statutes including 42 U.S.C. §§ 1981, 1983, retaliation under Section 1981, Title VII, the Americans with Disabilities Act and/or the Age Discrimination in Employment Act[3], 18 U.S.C. §§241, 242, and violations of the U.S. Constitution (1st, 4th, 13th

---

by Plaintiff to set forth the bases of his action against Defendants.  Thus, for the purpose of this Notice of Removal, Axcess is treating Plaintiff's initial pleading entitled "Memorandum of Law" as Plaintiff's "Complaint."

[3] While Plaintiff does not specify under which statute he is filing his retaliation claim, under the section of his Memorandum of Law/Complaint that discusses "Protected Activity," Plaintiff

and 14th amendments).  This Court has original jurisdiction over all claims arising under federal law. *See* 28 U.S.C. § 1331.

7.      Under 28 U.S.C. § 1441(a), claims or causes of action presented in state court proceedings where the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of the parties. *See e.g. Yassan v. J. P. Morgan Chase & Co.*, 708 F.3d 963 (7th Cir. 2013) (federal court has original jurisdiction over plaintiff's federal claims, particularly his claim arising under the ADEA).

8.      Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to Plaintiff, who is *pro se*.  Defendant will also promptly file a copy of this Notice with the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached to this Notice as Exhibit A.

WHEREFORE, Defendant Axcess Staffing Service, by and through its counsel, desiring to remove this civil action of the United states District Court for the Southern District of Illinois, prays that the filing of this Complaint and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Complaint for the Notice of Removal with the clerk of the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, shall effect the removal of said civil action to this Honorable Court.

---

discusses protection from alleged retaliation under Section 1981, Title VII, the ADA, and the ADEA.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Eric Todd*
Eric Todd, IL #6231150
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
eric.todd@ogletree.com

Attorneys for Defendant  AXCESS STAFFING SERVICE

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of November, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy was mailed to Plaintiff at the following address:

Gary Louis Berry
1025 Cambridge Avenue
Madison, Illinois 62060

*Plaintiff,* pro se

/s/ *Eric Todd*
Attorneys for Defendant  AXCESS STAFFING SERVICE

40741258.1

4