UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY LOUIS BERRY,

    Plaintiff,

  v.

AXCESSS STAFFING AND AGENCY/
WESTROCK/CDS/DIAL,

    Defendants.

Case No. 19-cv-1258-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Axcesss Staffing Services, LLC ("Axcesss") and WestRock to withdraw Axcesss's notice of removal (Doc. 7). On November 15, 2019, Axcesss filed a notice of removal of this case from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Doc. 1). Unbeknownst to Axcesss at the time, the Circuit Court had dismissed this action at plaintiff Gary Louis Berry's request and entered judgment of dismissal the day before, on November 14, 2019 (Doc. 7-1). Thus, there was no live proceeding to remove at the time Axcesss filed the notice of removal of this case.

This situation raises the question of the Court's subject matter jurisdiction, into which it is obligated to inquire where any concerns arise. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967-68 (7th Cir. 2013). Subject matter jurisdiction under the removal statute, 28 U.S.C. § 1441(a), requires that a case be "pending" at the time of removal. *Id.* at 968. A case is pending "as long as the parties are still actively contesting the case in the state court system." *Id.* at 969. Similarly, the Constitution requires a live case or controversy before a federal court can exercise subject matter jurisdiction. *Id.* at 968 (citing U.S. Const. art III). The defendants rightly

recognized the problem with the Court's jurisdiction and appropriately raised the matter in the pending motion. The plaintiff has not responded to the motion.

The Court finds that the dispute between Berry and the defendants was not "pending" in the state court at the time of removal because the parties were no longer actively contesting the case in state court and the state court had entered a final judgment as requested by Berry. It is true that the state court dismissed Berry's case without prejudice, so he may refile it in the future, but the case that *was* filed is dead and over—and at Berry's request, so he is unlikely to object to the dismissal—with nothing more to be decided. Indeed, that there was no pending case to remove is bolstered by the fact that the plaintiff did not respond to the defendants' motion in this forum. Should the plaintiff refile his case in another proceeding, the defendants may remove the case at that time. Furthermore, the case does not present a live case or controversy today, which is necessary for federal jurisdiction. Neither Berry nor the defendants are disputing any aspect of the case now.

There being no "pending" case and no live case or controversy at the time of removal or at the present time, this Court lacks subject matter jurisdiction. Accordingly, the Court **DISMISSES** this case **without prejudice for lack of subject matter jurisdiction** and **DIRECTS** the Clerk of Court to close this case. The defendants' motion to withdraw Axcesss's notice of removal (Doc. 7) is **DENIED as moot.**

**IT IS SO ORDERED.**
**DATED:  December 11, 2019**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**